IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01572-RPM-CBS

SUSAN D'AVANZO,
        Plaintiff,
v.

GLOBAL CREDIT & COLLECTION CORPORATION, a Delaware corporation,
        Defendant.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Plaintiff Susan D'Avanzo's "Motion for

Partial Summary Judgment as to Liability" (filed December 17, 2010) (Doc. # 16).  Pursuant to

the memorandum entered on December 20, 2010 (Doc. # 18), this matter was referred to the

Magistrate Judge.  The court has reviewed the Motion, Global Credit & Collection Corporation's

("GCCC") Opposition (filed January 17, 2011) (Doc. # 25), Ms. D'Avanzo's Reply (filed

January 31, 2011) (Doc. # 26), the exhibits, the pleadings, the entire case file, and the applicable

law and is sufficiently advised in the premises.

## STATEMENT OF THE CASE

    Ms. D'Avanzo filed her Complaint on July 2, 2010 alleging GCCC made false

representations in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§

1692 *et seq.*, when attempting to collect an alleged debt arising from a personal account.  (Doc. #

1, pp. 2-4).  The account at issue is with Capital One, and the alleged balance owed is $928.41.

(Doc. # 16, p. 2).  The account went into default with the original creditor and was placed with

1

GCCC for collection.  *Id.*  Ms. D'Avanzo disputes the account.  (Doc. # 1, p. 2).  Ms. D'Avanzo alleges GCCC falsely told her the account would be on her credit report for seven to ten years, that it would never come off her credit report, that she would be contacted by an attorney if she did not pay the account, and that paying the account was the only way to stop calls from GCCC. (Doc. # 1, p. 4).  Ms. D'Avanzo further asserts these statements constitute harassment or abuse, false and misleading representations, and unconscionable or unfair practices prohibited under FDCPA, §§ 1692d, 1692e, and 1692f.  (Doc. # 1, p. 5).  Ms. D'Avanzo seeks compensation for actual damages, statutory damages, and reasonable attorney's fees and costs.  *Id.*  GCCC filed its Answer on August 8, 2010, denying the allegations.  (Doc. # 8).

Ms. D'Avanzo moved for partial summary judgment as to liability on December 17, 2010.  (Doc. # 16).  In her Motion, Plaintiff relies on a single conversation that she initiated with representatives of GCCC.  (Doc. # 25-1, p. 1).  This conversation was recorded by Plaintiff and produced to Defendant in discovery.  (Doc. # 25-3, ¶ 2).  GCCC's Opposition first asserts Ms. D'Avanzo cannot seek recovery under the FDCPA because she has not plead facts to establish the account is a "debt" subject to the FDCPA.  (Doc. # 25, p. 8).  Defendant further argues that even if the FDCPA applies, there are disputes of material fact that render summary judgment inappropriate.  (Doc. # 25, p. 9).  Defendant does not dispute the statements made by its representatives which form the basis for each of Plaintiff's arguments, but insists the statements must be evaluated in the context of the entire twenty minute conversation.  (Doc. # 25, p. 10).

## ANALYSIS

To meet the burden of persuasion required to support summary judgment under Fed. R. Civ. P. 56, the movant must "point to those portions of the record that demonstrate an absence of

a genuine issue of material fact, given the relevant substantive law." *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir. 1992) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).  A fact is "material" if under the substantive law it could affect the outcome of the lawsuit.  *Equal Employment Opportunity Comm'n v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  In determining whether a genuine issue of material fact exists, the evidence is to be taken in the light most favorable to the non-moving party.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  "The very purpose of a summary judgment action is to determine whether trial is necessary."  *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995).

Once the movant has met this initial burden, the nonmoving party is required to "set forth specific facts … from which a rational trier of fact could find for the nonmovant."  *Adler*, 144 F.3d at 671.  Conclusory statements in either pleadings or affidavits cannot support summary judgment.  *Fitzgerald v. Collection Corp. of America*, 403 F.3d 1134, 1143 (10th Cir. 2005) (citing *Morgan v. Willingham*, 424 F.2d 200, 201 (10th Cir. 1970)).

Congress enacted the FDCPA in 1977, in part, "to eliminate abusive debt collection practices by debt collectors."  15 U.S.C. § 1692(e).  *Cf. Graziano v. Harrison*, 763 F. Supp. 1269, 1275 (D.N.J. 1990), *aff'd in part and rev'd in part on other grounds*, 950 F.2d 107 (3rd Cir. 1991) (noting that the FDCPA seeks to "protect consumers from unfair, deceptive and harassing collection practices while leaving collectors free to employ efficient, reasonable and ethical practices in pursuit of their profession").  Section 1692d prohibits harassment or abuse; § 1692e prohibits false or misleading representations; and § 1692f prohibits unfair or unconscionable practices.  15 U.S.C. §§ 1692d, 1692e, 1692f.  In determining whether a debt collection practice

3

is deceptive or misleading, the fact-finder must view the practice "objectively from the perspective of the 'least sophisticated consumer.'" *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 219 (N.D.N.Y. 2010); *O'Connor v. Check Rite, Ltd*, 973 F. Supp. 1010, 1016 (D. Colo. 1997). The FDCPA is a "strict liability statute," and Plaintiff need only "show one violation of its provisions to be entitled to judgment in her favor." *Ellis*, 1701 F. Supp. 2d at 219.

The first contested issue is whether the FDCPA applies. Defendant argues that Plaintiff has not established a *prima facie* case under the FDCPA because Ms. D'Avanzo's affidavit fails to provide admissible evidence as to the nature of her account. The FDCPA extends to any "debt" or obligation to pay money arising from a transaction which is "primarily for personal, family, or household purposes." 15 U.S.C. § 1692(a)(5). The determination of whether an account is a "debt" is "a fact driven one, and should be decided on a case-by-case (not necessarily plaintiff-by-plaintiff) basis looking at all relevant factors." *Hansen v. Ticket Track, Inc.*, 280 F. Supp. 2d 1196, 1204 (W.D. Wash., 2003). Ms. D'Avanzo offers no information as to the nature of the debt other than to assert that the balance was incurred "primarily for personal, family, or household purposes." For purposes of the pending motion, this court cannot evaluate Plaintiff's credibility and must accept her affidavit. *Cf. Del Toro-Pacheco v. Pereira-Castillo*, 662 F. Supp. 2d 202, 212-13 (D.P.R. 2009) (declining to strike plaintiff's unsworn (but self-serving) statement which set forth factual information based on plaintiff's personal knowledge). More to the point, Defendant has not referred the court to any evidence in the record that would refute Ms. D'Avanzo's affidavit on this point.

The parties also disagree whether statements made by GCCC's representatives violate the

4

FDCPA.  Ms. D'Avanzo specifically references three statements made by either the initial

GCCC representative or her supervisor during the subject conversation, and the court addresses

each.  Although Plaintiff's Complaint alleges violations of FDCPA §§ 1692d, 1692e, and 1692f,

her Motion does not address harassment or abuse under § 1692d or unfair or unconscionable

practices under § 1692f.  Rather, Plaintiff's Motion focuses on alleged false statements made in

violation of § 1692e, the preface of which provides: "A debt collector may not use any false,

deceptive, or misleading representation or means in connection with the collection of any debt."

15 U.S.C. § 1692e.

Defendant does not dispute the quotes referenced in Ms. D'Avanzo's motion, but asserts

the statements made by its employees were incomplete and taken out of context.  GCCC argues

that when properly considered in the context of the entire twenty-minute conversation, those

statements do not amount to abuse, harassment, or misrepresentations.

First, Ms. D'Avanzo asserts GCCC violated the FDCPA when its supervisor said "in the

long run this account will never come off your credit report" and "it's going to report as an R9 as

bad credit for the next seven to ten years."  (Doc. # 25-1, p. 4, transcript p. 14, lines 5-6 and 12-

13).  Citing the Fair Credit Reporting Act, Plaintiff contends that unpaid debts may not be

reported after seven years.  *See* 15 U.S.C. § 1681c(a)(4).  The court's reading of 15 U.S.C. §

1681c(a)(1) indicates bankruptcy cases may stay on a report for ten years.  During the subject

conversation, the supervisor never explained why he said ten years or "never."  Defendant argues

these statements are not false or misleading as a matter of law because it is a fair inference that

the debt will remain on Plaintiff's credit report whether it is good or bad.  (Doc. # 25, p. 11).

Whether this statement was actually false or misleading is better left for the trier of fact.

Second, Ms. D'Avanzo asserts that GCCC falsely represented an attorney "would" contact her, but the transcript of the conversation actually reveals the word used was "may." (Doc. # 25-1, p. 2, transcript p. 5, line 16). Defendant's opposition brief includes an affidavit confirming Ms. D'Avanzo's account status was in a "pre-charge off" status and, if left unpaid, would be "charged off," and then subject to legal action. (Doc. # 25, p. 7). Under the totality of the circumstances, I do not find that this was a false or misleading statement by GCCC.

Third, Ms. D'Avanzo asserts GCCC falsely represented to her that paying the account was the only way to stop their calls. Ms. D'Avanzo repeatedly asked the GCCC representative if paying the account was the only way to stop the calls. (Doc. # 25-1, pp. 5-6, transcript pp. 20-21). In response, the representative explained several times that paying the debt would end the calls because the debt would no longer be in collection status. Ms. D'Avanzo then asked more pointedly whether payment was the *only* way to stop calls, and the representative said, "That is correct." (Doc. # 25-1, transcript p. 21, line 18). To establish the falsity of this statement, Ms. D'Avanzo refers the court to 15 U.S.C. § 1692c(c), which states that a debt collector shall not communicate with a consumer regarding a debt if the "consumer notifies a debt collector in writing that the consumer refuses to pay [the] debt or that the consumer wishes the debt collector to cease further communication with the consumer." It is undisputed that the GCCC representatives did not advise Ms D'Avanzo of this remedy available under § 1692c(c). However, it should also be noted that § 1692c(c) permits some limited contacts by the debt collector even after receipt of a "cease and desist" letter. In this case, the triers of fact could reasonably question whether the GCCC's representative's statements, taken in context, were false or misleading.

6

Defendant GCCC further argues that each of the challenged statements should be evaluated under a materiality standard in determining whether they rise to the level of a § 1692e violation.  *See, e.g., Donohue v. Quick Collect*, 592 F.3d 1027, 1033 (9th Cir. 2010); *Miller v. Javitch, Block and Rathbone*, 561 F.3d 588, 596 (6th Cir. 2009); *Hahn v. Triumph Partnerships*, 557 F.3d 755, 757 (7th Cir. 2009).  In each of the foregoing cases, the trial court granted summary judgment in favor of the defendant debt collector after concluding that the allegedly offending statements were not material under the particular facts of that case.  "'A statement cannot mislead unless it is material, so a false but non-material statement is not actionable.'"  *Hahn*, 557 F.3d at 758.  As the Seventh Circuit observed, "[m]ateriality is an ordinary element of every federal claim based on a false or misleading statement" and there is no "reason why materiality should not equally be required in an action based on § 1692e."  *Id.* at 757.  Rather than challenging the materiality standard itself, Ms. D'Avanzo suggests that the decisions cited in Defendant's response brief are distinguishable because in those cases the allegedly false statements did not occur during telephone conversations.  This court does not see how the form of communication would alter a materiality analysis.

Defendant's response brief, in a footnote, states "there is not a Tenth Circuit decision addressing [the materiality] standard" in the context of the FDCPA.[1]  That statement may not be correct in view of the decision in *Maynard v. Bryan W. Cannon, P.C.*, No. 08-4181, 2010 WL

---

[1] In the same footnote, Defendant also noted the absence of any district court decisions in the Tenth Circuit discussing materiality.  In fairness, since GCCC filed its response brief on January 17, 2011, the district court in *Santacruz v. Standley and Associates, LLC*, No. 10-cv-00623, 2011 WL 1043338, at *4 (D. Colo. March 17, 2011) suggested that the issue of materiality was unresolved in the Tenth Circuit.  However, in *Santacruz,* the district court concluded that even if materiality was required, the misrepresentations at issue were different from the "trivial misrepresentations at issue in *Donohue* and *Hahn.*" *Id.*

4487113 (10th Cir. Nov. 10, 2010).  In *Maynard,* the Tenth Circuit affirmed summary judgment in favor of the defendant after concluding that an incorrect statement of the debtor's mortgage and outstanding balances did not violate the debt collector's obligation under § 1692g to provide the consumer with accurate written notice of the debt.  2010 WL 4487113 at ** 6-7.  As the Tenth Circuit explained, "[t]he FDCPA does not result in liability for every statement later alleged to be inaccurate, no matter how small or ultimately harmless."  *Id.* at * 6.  *Cf. Wagnon v. State Farm Fire & Cas. Co.*, 146 F.3d 764, 768 (10th Cir. 1998) ("The materiality of a misrepresentation is a mixed question of law and fact that under most circumstances should be determined by the trier of fact.").  A close examination of 15 U.S.C. § 1692k ("any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable . . .") fails to suggest a rationale for requiring materiality in the context of a claim under § 1692g but not a claim under § 1692e.  I conclude that materiality should be considered in determining liability in this case.

In addressing the instant motion, this court remains mindful of the purpose underlying the FDCPA which is to prevent abusive conduct by debt collectors.  Here, Plaintiff initiated the telephone conversation at issue and from the outset of the conversation asked very pointed questions.  While the court does not doubt Ms. D'Avanzo's right to be fully informed of her account status and its impact on her credit rating, the materiality of a particular conversation or statement must considered in context.  For example, a trier of fact might well conclude that a debt collector's false statements were not material and would not support liability if the consumer initiated the subject telephone call at the direction of his or her counsel and with the

objective to elicit and tape record potentially incriminating statements by the debt collector.[2]  In that scenario, it would be difficult to see how a reasonable, unsophisticated consumer would be deceived or misled by the collector's comments.

This court's knowledge of the circumstances surrounding the telephone call in this case is extremely limited and this Recommendation should not be construed as drawing any conclusions or assumptions adverse to either side.  But as the Tenth Circuit acknowledged in *Maynard*, the FDCPA seeks to prevent "abusive, deceptive, and unfair debt collection practices."  I do not believe that laudable goal and the FDCPA's strict liability standard should be transformed into a vehicle for "gotcha" litigation.  I further conclude that the materiality of Defendant's alleged statements is better addressed by the triers of fact in this case based upon a complete record.  *Cf. TSC Industs. Inc., et al. v. Northway, Inc*., 426 U.S. 438, 450 (1976) (citing *Johns Hopkins University v. Hutton*, 422 F.2d 1124, 1129 (4th Cir. 1969) (in addressing the materiality of a challenged statement in the context of the Securities Exchange Act of 1934, cautioned that "we must bear in mind that the underlying objective facts, which will often be free from dispute, are merely the starting point for the ultimate determination of materiality.  The determination requires delicate assessments of the inferences a "reasonable [person]" would draw from a given set of facts and the significance of those inferences to him, and these assessments are peculiarly ones for the trier of fact.").

Accordingly, IT IS RECOMMENDED that Plaintiff's Motion for Partial Summary Judgment as to Liability (Doc. # 16) be DENIED.

---

[2]Alternatively, the court could consider such attendant circumstances in assessing statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 18th day of April, 2011.

BY THE COURT:


s/Craig B. Shaffer
United States Magistrate Judge